IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – DAYTON

DAVID P. BURROWS, :
:
        Plaintiff, : CASE NO. 3:17-cv-00186-TMR-SLO
:
vs. : JUDGE ROSE
:
FUYAO GLASS AMERICA INC., ET AL. : MAGISTRATE JUDGE OVINGTON
:
        Defendants. :
:

**AGREED PROTECTIVE ORDER**

    Plaintiff David P. Burrows and Defendants Fuyao Glass America Inc. ("FGA") and Cho Tak Wong (collectively, "Defendants"), by counsel, pursuant to Federal Rule of Civil Procedure 26, agree to the following terms and conditions regarding discovery in this lawsuit. This Agreed Protective Order is limited to pre-trial discovery only. If a Party desires documents or information to be sealed from public record, the Party must comply with local rule Local Rule 5.2.1 and the requirements *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). In the event a Party desires to file documents or information under seal, either Party or any interested member of the public may challenge the secreting of this information. Plaintiff and Defendants (the "Parties") request that the Court approve the terms of this Agreed Protective Order, as follows:

    1.    The Parties may designate documents for which protected status is claimed by stamping or labeling such document as "**Confidential**" or **"Confidential—Subject to Protective Order"** on the first page of each document or by any other reasonable means of giving notice of the Parties' intent to claim protected status for the document. All documents and information produced in this action and designated by any Party (the "Designating Party") as confidential will be subject

to the provisions of the Order. Upon the designation of any document as confidential, all copies of that document then or at anytime thereafter in the possession or control of any Party to this Order (the "Receiving Party"), from whatever source received, will be subject to the provisions of this Order.

2. "Confidential" material, as used in this Order, consists of the following documents and categories of documents:

(a) Non-public business records the disclosure of which could result in competitive or economic harm to defendant, its customers, and others with whom it has confidentiality; or invade the privacy of individuals;

(b) Personnel, employee and medical files which may include payroll, compensation, benefit, medical information, performance evaluations, including all information related to visa and immigration applications and statuses, whether visitors' visas, L-1 visas, H1B visas and/or green card applications, of any foreign nationals who work at FGA; and

(c) Applications for employment, which may include social security numbers and other personal information of individuals who were not employed by Defendants.

3. If any Party seeks to designate additional documents or categories of documents as confidential, it will be the burden of the Party seeking protected status to move for a Court Order designating the material as confidential after the Parties confer.

4. All portions of depositions, including any document marked as an exhibit or otherwise appended to any deposition, designated as "Confidential" by either Party at the deposition or at any time prior to the expiration of 20 days after receipt of a deposition transcript, will be treated as confidential under the terms of this Protective Order. During the 20-day period, all transcripts and the information contained therein will be deemed confidential in their entirety under the terms of this Protective Order. When practical, the Party making a confidential designation will

indicate the pages or sections of the transcript that are to be treated as confidential. The Party seeking to file the deposition will retain the original transcript until the filing of the transcript is required by the Court or desired by a Party.

5. All interrogatory answers, or other responses to pretrial discovery requests, designated by either Party as "Confidential" will be delivered to the counsel for the Party propounding that request without being filed with the Court unless filing is subsequently ordered by the Court or desired by a Party.

6. Copies of any pleading, brief, or other document containing confidential information that is served on opposing counsel shall be stamped "**Confidential—Subject to Protective Order**" and shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with this Order.

7. Documents and information designated confidential in accordance with this Order will be used solely for the purpose of this action or appeal, and, unless the Court rules otherwise, such documents or information will not be disclosed to any person other than: (a) counsel of record to any Party to this Order; (b) the legal, clerical, paralegal staff, or other staff of counsel to this action employed during the preparation for and trial of this action; (c) the Parties to this Order and the principals, officers, agents, and employees of FGA; (d) persons retained by either Party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (e) deponents and witnesses in this action; (f) the original author, addressees, or recipients of the information; and (g) the Court, Court personnel, court reporters and jurors. Confidential documents or information disclosed to any such person must not be disclosed by him or her to any other person not included within the foregoing subparagraphs (a) through (g) of this paragraph. No documents or information designated as confidential pursuant to this Order will be

used by any such person for any purpose other than for the preparation, trial, appeal, and/or settlement of this action.

8. If counsel for a Party hereafter desires to make confidential documents or information available to any person other than those referred to in paragraph 6 above, counsel must designate the material involved, identify the person to whom he or she wishes to make disclosure, and inform counsel for the opposing Party of their desire. If counsel are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 6, disclosure may be made only on such terms as the Court may order.

9. All Parties have the right to object to the designation of a document as confidential. If a Party objects to the designation of any document or information as confidential, counsel for the objecting Party must notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying confidential treatment to the document(s) or information in question. If such a motion is filed, the document or information will be kept confidential pending ruling on the motion.

10. The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of confidential material as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either Party may seek an appropriate Court Order to protect confidential material. Any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*. Any document, exhibit, or transcript designated confidential under this Order, and that is otherwise admissible, may be used at trial, subject to the terms of this Order.

11. Nothing in this Protective Order shall be deemed to preclude any Party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to the confidentiality of material or the removal

of a confidential designation. In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

12. The restrictions set forth in this Protective Order shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Order.

13. Before filing with the Court, confidential material must be submitted in a manner that it may be considered by the Court for filing under seal. Should any Party have appropriate cause to seal from public view any confidential information that is filed with the Court, that Party must file a separate and specific motion for such protection contemporaneously with filing the designated material, and the motion will only be granted upon meeting the requirements of Local Rule 5.2.1 and *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). Within seven (7) days of the filing of the motion to seal, the Designating Party will provide all other Parties with proposed redactions or indicate its position on whether the entire document should remain under seal. The Parties will then confer to determine if they can reach agreement. Within fourteen (14) days of the filing of the motion to seal, the Designating Party will advise the Court of the Parties' agreement or lack thereof and provide the Court with information as to why the

designated materials should be filed in redacted form or remain completely under seal. If the Designating Party determines that none of the designated materials should be redacted or remain under seal, then the Designating Party will so advise the Court within this fourteen-day period. Any objecting Party may file an objection within seven (7) days of the Designating Party's submission.

14. Before a non-party and any person specified in ¶7(d)-(e) herein is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the Parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>.

15. Within 60 days after the conclusion of the litigation by settlement or exhaustion of all appeals, all Parties in receipt of confidential information under the protections of this Order (and all copies) shall make reasonable efforts to either return such materials and copies thereof to the Disclosing Party or destroy such confidential information and certify the destruction. Counsel will not have to dismantle or disclose his or her own work product, however, to return or destroy confidential material provided all such confidential material must be retained by counsel on a confidential basis until discarded. Insofar as the provisions of this Order restrict the communication and use of confidential material and confidential information, those provisions will continue to be binding on all Parties and individuals receiving confidential materials after the conclusion of this litigation, unless the producing Party provides written permission or the Court further orders otherwise. In addition, the Court retains jurisdiction to resolve any dispute concerning the disclosure of confidential information in violation of the terms of this Order, unless otherwise agreed or ordered.

16. Nothing contained in this Order, nor any action taken in compliance with it, will (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, confidential or (b) prejudice in any way the right of any Party to seek a Court determination of whether or not it should remain confidential and subject to the terms of this Order. Any Party to this Order may request the Court to grant relief from any provision of this Order.

17. Nothing herein constitutes or may be interpreted as a waiver by any Party of the attorney-client privilege, attorney work product protection, or any other privilege.

18. It is recognized by the Parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as confidential, or documents or information that are entitled to confidential treatment erroneously may not be designated as confidential. The Parties to this Order may correct their confidentiality designations, or lack thereof, and then will, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation, unless copies have already been provided.

19. Documents or information produced by any Party prior to the entry of this Order by the Court will be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court as of the date the documents or information were produced.

20. The production by a Party or non-party of any privileged or arguably privileged materials or information shall not be deemed to be: (a) a general waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or protection; (b) a specific waiver of any such privilege with respect to the material being produced or any subject matter thereof; or (c) a waiver of any other rights the producing Party or non-party may have under Fed. R. Evid. 502 and any applicable law. If, at any time, a Party discovers that it produced information that

it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing Party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.

21. Counsel for the Parties are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of confidential information. Counsel for the Parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to ¶ 14 herein.

22. This Order may be amended by the written agreement of counsel for the Parties in the form of a stipulation that shall be approved by the Court and filed herein.

Respectfully submitted,

*/s/ Sue Seeberger via email authorization*
*08-28-18*_____
Anne M. Frayne (011233)
Myers & Frayne Co., LPA
18 West First Street, Suite 200
Dayton, Ohio 45402
Telephone: (937) 224-0077
Facsimile: (937) 224-5782
annefrayne@myersandfrayne.com

and

Sue Seeberger (0059730)
5975 Kentshire Drive, Suite D
Dayton, Ohio 45440-4264
Voice: (937) 291-8646
Fax: (937) 291-8650
sueseeberger@biegeltye.com

*Attorneys for Plaintiff*

*/s/ Marc L. Fleischauer*_____
Marc L. Fleischauer (0064580)
Coolidge Wall Co., LPA
33 West First Street, Suite 200
Dayton, Ohio 45402
Telephone: (937) 449-5771
Facsimile: (937) 223-6705
fleischauer@coollaw.com

*Attorney for Defendants*

The foregoing Agreed Protective Order is APPROVED AND ORDERED this 29th day of August, 2018.

        *s/Sharon L. Ovington*
        Sharon L. Ovington
        United States Magistrate Judge

# Exhibit A

I, _____, state as follows:

1. My address and telephone number are:
_____.

2. My present employer's address is: _____.

3. I have received a copy of the Agreed Protective Order ("Protective Order") entered in the case of *David Burrows v. Fuyao Glass America Inc.*, in the United States District Court for the Southern District of Ohio, No. 3:17-cv-00186-TMR-SLO.

4. I have carefully reviewed the Protective Order and I understand its provisions.

5. I will comply with all the provisions of the Protective Order.

6. I will hold in confidence and will not disclose to anyone any documents designated under the Protective Order as "Confidential" and will use such documents only for the permitted purposes stated in the Order.

7. I submit to the jurisdiction of United States District Court for the Southern District of Ohio for the purpose of enforcing the Protective Order and understand that violation of the Protective Order can constitute contempt of court.

8. I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED: _____     Date: _____, 20\_\_\_\_

Print Name: _____

00937001.doc